WAYNE WRAY,                              )
                                        )
    Plaintiff/Appellant,            )
                                        )    Appeal No.
                                        )    01-A-01-9509-PB-00392
VS.                                     )
                                        )    Lawrence Probate
                                        )    No. 9820
ESTATE OF JAMES FRANKLIN                )
WRAY, LEIGH ANN WRAY,                   )
ADMINISTRATRIX,                         )
                                        )
    Defendant/Appellee.             )

**FILED**

**May 22, 1996**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE PROBATE COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE LEE A. ENGLAND, JUDGE



RANDY HILLHOUSE
FREEMON AND HILLHOUSE
327 W. Gaines Street
P. O. Box 787
Lawrenceburg, Tennessee 38464
    Attorney for Plaintiff/Appellant

BEN BOSTON
CHRISTOPHER V. SOCKWELL
BOSTON, BATES & HOLT
235 Waterloo Street
P. O. Box 357
Lawrenceburg, Tennessee 38464
    Attorneys for Defendant/Appellee



REVERSED AND REMANDED



BEN H. CANTRELL, JUDGE



CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

The issue in this case is whether the documents signed when the appellant loaned his son the money to buy an automobile gave the appellant an enforceable security interest in the car. The trial judge held that the appellant did not have a security interest. We reverse.

## I.

In January of 1992 the appellant, Wayne Wray, attended an automobile auction with his son, James Franklin Wray. Wayne Wray furnished the money, and his son bought a 1986 Chevrolet Camaro. The bill of sale, on a printed form and signed by James Wray, included a handwritten note as follows: (Wayne Wray first lienholder $4500 payable on demand)(no interest)." The application for a certificate of title, also signed by James Wray, indicated that Wayne Wray was the first lienholder. The certificate of title issued by the state of Alabama designated Wayne Wray as the holder of a first lien. All three documents included a description of the car.

James Wray died intestate in 1993. Wayne Wray filed a claim against his son's estate and sought to repossess the car, claiming a perfected security interest in it. The probate judge allowed a $4500 claim but denied possession to Mr. Wray. The court's final judgment contains a conclusion that the documents signed by the deceased do not give Mr. Wray a security interest in the Camaro.

## II.

A security interest is defined in Tenn. Code Ann. § 47-1-201(37) as "an interest in personal property or fixtures which secures payment or performance of an obligation." In order to create a security interest in property that is not in the possession of the secured party, Tenn. Code Ann. § 47-9-203(1)(a) requires that the debtor sign a "security agreement" containing a description of the collateral. A "security agreement" is defined in Tenn. Code Ann. § 47-9-105(1)(l) as "an agreement which creates or provides for a security interest."

None of the documents signed by James Wray is a formal security agreement. But the Code does not require such formality. Other less formal documents, standing alone or in various combinations, have been held to satisfy the requirements of § 47-9-203. See James J. White and Robert S. Summers *Uniform Commercial Code* § 23-3. A note together with a financing statement successfully created a security interest in growing crops. *Evans v. Everett*, 279 N.C. 352, 183 S.E.2d 109 (1971). A financing statement alone may suffice if it contains a description of the collateral and is signed by the debtor. *Cookeville Production Credit Association v. Frazier*, 16 Bankr. 674 (M.D. Tenn. 1981). And, in a case similar to this one, the Illinois Court of Appeals held that an application for a certificate of title, signed by the debtor and containing a description of the collateral, created a security interest in the house trailer described in the application. *Peterson v. Ziegler*, 350 N.E.2d 356, 39 Ill. App. 3d 379 (1976).

In this case James Wray signed the application for the certificate of title and the bill of sale, each containing a description of the car. Either document standing alone might suffice to create a security interest, but we think that together they show an unequivocal intent to give Wayne Wray a security interest in the 1986 Camaro. The security interest was duly perfected by noting it on the title. See

*Associates Capital Corp. V. Cookeville P.C.A.*, 569 S.W.2d 474 (Tenn. App. 1978);

Tenn. Code Ann. § 55-3-137.

- 4 -

The judgment of the court below is reversed and the cause is remanded

to the Probate Court of Lawrence County for further proceedings in accordance with

this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE